## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                    Case No. 12-27750 AJC
                                          Chapter 13

Howard Cortez


_____ Debtor ___/


### DEBTOR'S MOTION FOR CONTEMPT
### SECOND CORRECTED
*Paragraphs changed to better explain egregious violations of stay*

Debtor, Howard Cortez moves pursuant to 11 U.S.C. §§105; 362(a)(3); 523 (a)

(16; 525(a)(b);1327(a) for damages against Community Management Consultant's

Group, Inc. ("CMCG") and Vista Trace Multicondominium Association, Inc.

("Condominium Association") and would show your Honor,

### FACTUAL BACKGROUND

1.    Debtor filed his Petition on 7/24/12. Thereupon all past due Condominium

      Association debts were no longer payable or collectable by the Condominium

      Association. 11 U.S.C. § 523 (a)(16).

2.    CMCG is the management company, agent for the Condominium Association.

3.    Subsequent to debtor filing his Petition, on October 2, 2012 the Condominium

      Association sued debtor for maintenance owed prior to July 24, 2012. Debtor

      moved for sanctions against the Condominium Association's attorneys for

      violation of the automatic stay. (Court Doc 29). Order Granting Debtor's Motion

      for Sanctions against the Condominium Association lawyers was entered on

November 27, 2012. (Court Doc 57). Apparently the small amount of money

debtor's attorney requested and that was ordered to be paid was too

inconsequential to make CMCG and the Condominium Association realize the

severity of violating the stay relief order.

4.      Debtor's Second Amended Plan was confirmed on February 13, 2013. (Court

        Doc 88)

5.      CMCG has continually been the management company for the Condominium

        Association. Debtor initially was making his monthly maintenance payment

        commencing August 2012 outside of his chapter 13 directly to CMCG for his

        condominium at Vista Chase. In May 2014 the Condominium Association and

        CMCG sent debtor a statement, (copy attached) alleging arrears owed of

        $17,854.79. Debtor required a Motion to Value to again obtain the benefit of stay

        relief and make it 100% clear to CMCG and the Condominium Association that

        debtor was not in arrears in condominium maintenance fees.

6.      On February 26, 2014 debtor filed Motion to Value and Determine Secured

        Status of Lien of Condominium Association. "Motion to Value" (Court Doc 97).

        Motion to Value was filed and served on CMCG in February 2014. The

        Condominium Association retained their attorney, Alberto M. Cadet, Esq. for

        representation on the Motion to Value. There can be no dispute the

        Condominium Association and its agent, CMCG at all times pertinent knew

        debtor was in this Chapter 13 and the automatic stay was in full force and effect.

7.      Order Granting Debtor's Motion to Value Collateral Vista Trace

Multicondominium Association ("Value Order") (Doc 102) was entered on April
29, 2014. The Value Order in part provides the Condominium Association has
an allowed secured claim in the amount of 0.

8. Debtor filed his First Modified Chapter 13 Plan on January 1, 2015 (Doc 107).
The First Modified Plan changed debtor's monthly payment so that he no longer
paid CMCG directly outside of his chapter 13 plan, debtor's plan payments then
were made to the Chapter 13 trustee. The trustee required a Second Modified
Plan, it was filed on February 9, 2019. The Order Granting Motion to Modify Plan
and approve Second Modified Plan was entered on April 1, 2015. Paragraph 5 of
Order Granting Motion to Modify Plan and approve Second Modified Plan
provides:

> If the Plan does not provide for payments to a secured creditor,
> such creditor is granted in rem stay relief to pursue available
> state court remedies against any property of the debtor which
> secures the creditor's claim.

## EGREGIOUS VIOLATIONS OF STAY RELIEF AND CONFIRMED PLAN

### FIRST

9. CMCG and the Condominium Association retained their agent Scott Alan Orth,
Esq to file a lawsuit to have debtor's tenant removed from debtor's
condominium. The lawsuit filed in the early days of December 2016 sued debtor,
his tenant and unknown persons in possession. Filed in Florida State Court 11th
Judicial Circuit Case No: 16-31284 CA 01 tilted Vista Trace MultiCondominium
Association v. Howard Cortez, John Doe. No motion for stay relief had been
filed. No order for stay relief had been entered. The eviction was an act to

exercise control over property of the estate.

10. Mr. Orth alleges he was told the behavior of debtor's tenant and the unauthorized occupants were serious violations of state criminal law. There is a credibility problem as if the alleged atrocious illegal actions had occurred those actions would have been stopped by the police and persons would have been arrested. Further, why did the Condominium Association and CMCG fail to reach out to communicate directly with debtor of the alleged illegal activities of debtor's tenants. There was no justification in hiring an attorney who failed to move for Stay Relief.

11. Regardless of the occupants' behavior in debtor's condominium CMCG and the Condominium Association's agent, Scott Alan Orth failed to obtain stay relief. There is no excuse or justification for the condominium association through its agents CMCG and Scott Alan Orth **to have *failed to file* an Emergency Motion for Stay Relief.** Without obtaining stay relief the Condominium Association and CMCG willfully violated the bankruptcy stay and debtor's confirmed plan.

12. Debtor is obligated to pay his attorney's fees.

 **WHERERORE** it is respectfully requested that the condominium association and CMCG be jointly and severally ordered to pay debtor the following damages:

  a. Compensatory damages for emotional stress in excess of $3,000.00 for failing to communicate with debtor regarding his tenant and willful violation of the automatic stay.

  b. Punitive damages of $12,000.00

c.  Attorney's fees and costs of suit

## SECOND

13.  On May 19, 2017 Mr. Scott Alan Orth moved in the State Court eviction action for an award of attorney's fees in the sum of $5,000.00. Subsequently being fully and totally aware of the stay violation the Condominium Association's agent, attorney Mr. Orth has failed to stop demanding payment for attorney's fees from the State Court eviction. The Condominium Association and CMCG are responsible for paying their attorney and it is reprehensible after violating the automatic stay that their attorney agent continues to claim attorney's fees for filing an eviction action in state court without obtaining stay relief from your Honor. .

**WHERERORE** it is respectfully requested that the condominium association and CMCG be jointly and severally ordered to pay debtor the following damages:

d.      Order that debtor has no financial obligation for attorney's fees alleged to be due and payable to Mr. Orth.

e.      The Condominium Association's attorney moved for $5,000.00 in attorney's fees justice would be damages for debtor in the sum of $5,000.00 as compensatory damages.

f.      Punitive damages in excess of $12,000.00.

g. .      Reasonable attorney's fees be awarded to debtor's attorney.

## THIRD

14.  Debtor's condominium had no tenant in March 2017 and debtor was in the

process of locating a tenant to rent the condominium.

15. Debtor contacted CMCG to clarify and obtain the application for tenant approval. CMCG informed debtor he could not rent his apartment until debtor paid a past due balance of condominium maintenance that exceeded Twenty thousand dollars ($20,000.00). CMCG failed to put the arrears owed prior to his Petition on July 12, 2012 into a suspense account that clarified not payable while in chapter 13 and charge off Howard Cortez the unpaid maintenance upon receipt of his bankruptcy discharge.

16. Demanding payment for monies not legally due or payable in total violation of the Valuation Order and 11 U.S.C. 523 (a)(16) is a willful wanton stay violation.

17. Debtor suffered mental stress, CMCG was willfully violating bankruptcy law, claiming monies owed that had been by Valuation Order not payable by debtor.

**WHERERORE** it is respectfully requested that the condominium and CMCG be jointly and severally ordered to pay debtor the following damages:

    h. Compensatory damages in excess of $2,500.00 for lost rents and emotional stress.

    i. Punitive damages of no less than $12,000.00.

    j. Reasonable attorney's fees be awarded to debtor's attorney.

**FOURTH**

18. Debtor verily believes and all presumptions are that Condominium Association and CMCG continue to harass debtor because he lien stripped condominium fees in this bankruptcy. Debtor is being discriminated against because he is a

debtor in this Chapter 13. The Condominium Association is equivalent to a government. Debtor is like an employee receiving rental income but controlled by the Condominium Association and CMCG, violations of 11 U.S.C. §525 (a)(b).

19.    Debtor in March 2017 was in his condominium making repairs as the tenant damaged his condominium. Mr. Cortez had parked his vehicle in the parking space assigned to his condominium unit. The security guard(s) all knew debtor and his assigned parking space. The Condominium Association and CMCG had debtor's vehicle towed. This cost debtor in excess of $300.00.

20.    The debtor was being discriminated against because his prospective tenants were being rejected for low credit scores. It is a clear violation of a condominium owner's property rights to restrict renting based on prospective tenant's credit score. The tenant is not the payor of condominium fees. This outrage was corrected after the original motion was filed. That has been the only correction to the willful abusive stay violations.

21.    Debtor was forced to retain his attorney for the outrageous misconduct of the condominium and CMCG. These parties should be jointly and severally obligated to pay debtors attorney's fees.

WHERERORE it is respectfully requested that the condominium and CMCG be jointly and severally ordered to pay debtor the following damages:

k.        Damages in excess of $300.00 for towing debtor's vehicle and the other damages incurred as a result of the tow.

l.  Damages in excess of $5,000.00 neither the Condominium Association or

or CMCG made any attempt to directly (without an attorney) communicate to

debtor regarding tenant or unauthorized occupants alleged disruptive

conduct. Instead hiring an attorney to willfully violate debtors confirmed plan

and the stay order.

m.      Punitive damages of no less than $12,000.00.

n.      Reasonable attorney's fees be awarded to debtor's attorney and

paid by Condominium Association and CMCG jointly and severally.


_____"LS"_____
Lawrence Shoot
Fla. Bar# 112950
4830 S.W. 92 Ave.
Miami, FL. 33165
(305) 270-2110
E mail:  lshoot@bellsouth.net

PAGE:   1

Vista Trace Multi Condiminium Assn.          STATEMENT DATE: 05/07/14


(   )   -

HOWARD CORTEZ                      CUSTOMER NO.:   00-0002102
P.O.BOX 133373
Hialeah          FL   33013

---

| DATE | DESCRIPTION | FEE | PAYMENT | BALANCE |
|------|-------------|-----|---------|---------|
| 09/01/13 | BEGINNING BALANCE | 17,212.04 | | 17,212.04 |
| 10/01/13 | MAINTENANCE FEE | 267.75 | | 17,479.79 |
| 10/18/13 | PAYMENT REF: 6552 | | 267.75 | .00 |
| 10/18/13 | PAYMENT REF: 6547 | | 267.75 | 16,944.29 |
| 11/01/13 | MAINTENANCE FEE | 267.75 | | 17,212.04 |
| 11/08/13 | PAYMENT REF: 7240 | | 267.75 | 16,944.29 |
| 12/01/13 | MAINTENANCE FEE | 267.75 | | 17,212.04 |
| 12/06/13 | PAYMENT REF: 7244 | | 267.75 | 16,944.29 |
| 12/10/13 | ALARM & BATTERY | 150.00 | | 17,094.29 |
| 01/01/14 | MAINTENANCE FEE | 267.75 | | 17,362.04 |
| 01/09/14 | PAYMENT REF: 7248 | | 267.75 | 17,094.29 |
| 01/22/14 | BATTERY & ALARM | 150.00 | | 17,244.29 |
| 02/01/14 | MAINTENANCE FEE | 267.75 | | 17,512.04 |
| 02/07/14 | PAYMENT REF: 7251 | | 267.75 | 17,244.29 |
| 02/11/14 | FINANCE CHARGE | 25.00 | | 17,269.29 |
| 03/01/14 | MAINTENANCE FEE | 267.75 | | 17,537.04 |
| 03/11/14 | FINANCE CHARGE | 25.00 | | 17,562.04 |
| 04/01/14 | MAINTENANCE FEE | 267.75 | | 17,829.79 |
| 04/10/14 | PAYMENT REF: 7303 | | 267.75 | 17,562.04 |
| 04/11/14 | FINANCE CHARGE | 25.00 | | 17,587.04 |
| 05/01/14 | MAINTENANCE FEE | 267.75 | | 17,854.79 |

TOTAL:      17,854.79